

2004 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

4-29-2004

# Halul v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1544

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Halul v. Atty Gen USA" (2004). *2004 Decisions*. Paper 765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-1544, 03-1545 & 03-1546


MARIO HALUL,
                    Petitioner at No. 03-1544

SAMIA HALUL,
                    Petitioner at No. 03-1545

JULIA HALUL,
                    Petitioner at No. 03-1546

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,
                                        Respondent


On Petitions for Review of Final Orders of the
Board of Immigration Appeals
(BIA Nos. A76-141-712/713/714)


Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2004
Before:  SCIRICA, *Chief Judge*, GARTH and BRIGHT\*, *Circuit Judges*

(Filed  April 29, 2004)

    *The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Judicial Circuit, sitting by designation.

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In these immigration cases, petitioners Mario Halul, Samia Halul, and Julia Halul seek review of final orders of the Board of Immigration Appeals' affirmance without opinion of an Immigration Judge's denial of cancellation of removal. We will deny the petitions for review.

## I.

Israeli citizens Mario and Samia Halul and their daughter Julia Halul entered the United States from Israel in March 1988 on a tourist visa, which was subsequently extended. Samia and Julia Halul traveled to Israel in May 1992 and returned to the United States in November 1992, while Mario Halul remained in the United States. Since that time, the Haluls have resided in the United States without interruption. While living in the United States, Samia gave birth to a daughter, Georgina Halul.

On May 24, 1999, the Immigration and Naturalization Service issued a Notice to Appear charging Mario, Samia and Julia Halul with being removable under 8 U.S.C. § 1182(a)(1)(B) for overstaying their visas.[1]

---

[1]There is some ambiguity regarding when the INS issued Samia Halul's Notice to Appear. The Immigration Judge noted that "[each defendant] was placed in removal proceedings when the Immigration Service issued a Notice to Appear dated May 24, 1999." However, the record only contains a Notice to Appear for Samia dated February

(continued...)

2

During proceedings before an Immigration Judge, the Haluls conceded removability and applied for cancellation of removal and voluntary departure. The Immigration Judge pretermitted Samia and Julia's applications for cancellation of removal for failure to satisfy the statutory eligibility requirement of ten years' physical presence in the United States under 8 U.S.C. § 1229b(b)(1)(A). The judge also denied Mario Halul's cancellation of removal application due to his failure to demonstrate "exceptional and extremely unusual hardship" to Georgina. The judge, however, granted voluntary departure to the Haluls.

The Haluls appealed to the Board of Immigration Appeals, claiming they had filed an application for suspension of deportation prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), so the more lenient standard for suspension of deportation, not the cancellation of removal standard, should apply.[2] They also claimed that the INS failed to issue a charging document within a reasonable amount of time. The Board affirmed the Immigration Judge's order without opinion. The Haluls filed timely appeals to this Court.

---

[1](...continued)
9, 2000. This notice may have been issued to reflect Samia's most recent entry date of November 6, 1992.

[2]Under pre-IIRIRA law, only seven years' continuous residency was required to suspend deportation, *see* 8 U.S.C. § 1254(a)(1) (repealed), as opposed to the ten-year residency requirement for cancellation of removal under IIRIRA.

## II.

The Attorney General is charged with the administration and enforcement of the INA. 8 U.S.C. § 1103(a)(1). Principles of judicial deference to the Executive Branch are appropriate in the immigration context. *INS v. Aguirre-Aguirre,* 526 U.S. 415, 424 (1999) (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984)). The Board is vested with the power to exercise the discretion and authority of the Attorney General, so we review Board decisions with broad deference. *Uspango v. Ashcroft,* 289 F.3d 226, 229 (3d Cir. 2002). When the Act is silent or ambiguous, we must determine whether the interpretation of the Board is based on a permissible statutory construction. *Id.* We have jurisdiction under 8 U.S.C. § 1252(a)(1).

## III.

## A.

In their appeal to the Board, the Haluls claimed they filed a suspension of deportation application before the April 1, 1997 effective date of IIRIRA, so the more lenient pre-IIRIRA standards should be applied. They also contended that retroactive application of IIRIRA standards was prohibited by *INS v. St. Cyr,* 533 U.S. 289 (2001). The Board summarily denied the appeal. We find no error.

The Haluls have provided no record evidence demonstrating they submitted a suspension of deportation application. They neither submitted a date-stamped suspension of deportation application nor offered testimony regarding filing an application. The only

mention made of the application is in the post-hearing pleadings, but no date was specified as to when the Haluls submitted an application.[3]  Unsupported assertions made by counsel in post-hearing pleadings cannot provide a basis for their claim.[4]

Even assuming the Haluls had submitted a suspension of deportation application, they would not be entitled to relief under *St. Cyr.*  In *St. Cyr,* the defendant entered into a plea agreement before IIRIRA was enacted.  533 U.S. at 321-24.  The agreement involved a *quid pro quo* with the government in which he waived certain constitutional rights in exchange for the possibility of a waiver of deportation.  *Id.*  Removal proceedings were not commenced against the defendant until after IIRIRA became effective, and the Attorney General interpreted the statute as not allowing discretion to grant such a waiver. *Id.* at 292.  The Court held that the new statute created an impermissibly retroactive effect on the defendant who, in reliance on the possibility of cancellation of removal proceedings, pled guilty to an aggravated felony.  *Id.* at 323-24.

By comparison, a "settled expectation" does not arise when asylum applications are filed prior to IIRIRA's effective date in the hope of taking advantage of pre-IIRIRA relief.  *Uspango v. Ashcroft,* 289 F.3d 226, 230 (3d Cir. 2002).  In *Uspango,* the defendant, citing *St. Cyr,* contended that because he filed an asylum application prior to

---

[3]Appellants' brief inconsistently states that the application was filed "several weeks before," "several months before," and "years before" they received the Notices to Appear.

[4]Third Circuit Local Appellate Rule 28.3(c) specifies that "[a]ll assertions of fact in briefs shall be supported by a specific reference to the record." 3d Cir. R. 28.3(c) (Jan. 1, 2002).

IIRIRA's effective date, he should have been eligible for suspension of deportation. *Id.* at 229-30. Rejecting this argument, we held the defendant demonstrated no detrimental reliance on pre-IIRIRA law, so none of the concerns addressed by *St. Cyr* regarding retroactive application of IIRIRA were present. *Id.* at 230.[5]

Similarly, the Haluls cannot demonstrate a "settled expectation" that the suspension of deportation standard would be applied to their case. Although they hoped to apply for suspension of deportation proceedings, the government did not induce them to file the application, nor did the government gain any benefit from their application. Because the Haluls did not detrimentally rely on pre-IIRIRA law, their claim fails.

**B.**

The Haluls also contend the INS violated the Administrative Procedure Act (APA) by failing to issue a charging document and commence proceedings against them in a reasonable amount of time after they filed an application for suspension of deportation. 5 U.S.C. § 701 *et seq.*[6] The APA specifies, "within a reasonable time, each agency shall

---

[5]The Court of Appeals for the Ninth Circuit has reached similar conclusions. In *Jimenez-Angeles v. Ashcroft,* an alien presented herself to the INS one month before the IIRIRA was enacted in the hopes of availing herself of a suspension of deportation. 291 F.3d 594, 597 (9th Cir. 2002). The court held that IIRIRA was not impermissibly retroactive in this case because the alien did not have "settled expectations" of being placed in deportation proceedings. *Id; see also Vasquez-Zavala v. Ashcroft,* 324 F.3d 1105, 1107-08 (9th Cir. 2003) (rejecting a similar *St. Cyr*-based argument brought by an alien who filed an asylum application prior to the effective date of IIRIRA).

[6]The Haluls did not raise this argument in their appeal to the BIA. Arguably they are barred from raising it here. Nonetheless, we will address their argument.

6

proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and a reviewing court must determine whether an agency's delay has been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

While an agency is compelled to "conclude a matter presented to it," these statutes do not require an agency to initiate proceedings against parties. On the contrary, agency decisions regarding commencement of proceedings against an alien are excluded from judicial review under 8 U.S.C. § 1252(g).[7] *Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 483 (1999); *Uspango,* 289 F.3d at 231. Accordingly, we lack jurisdiction to review the timing of the INS's decision to initiate proceedings against the Haluls.[8]

## IV.

For the reasons stated, we will deny the petitions for review.

---

[7]Section 1252(g) provides, "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings . . . against any alien under this Act." 8 U.S.C. § 1252(g) (2004).

[8]Even if we had jurisdiction to determine whether the INS initiated proceedings in a "reasonable" amount of time against the Haluls, nothing in the record indicates that the INS issued the charging document in an unreasonable amount of time. The Haluls claim to have filed the suspension of deportation application "several weeks before the effective date of the passage of the IIRIRA." It would not be unreasonable for the INS to have issued the charging orders more than several weeks after receiving the application.

7